## Ballard v. Stevens.

(Decided November 9, 1923.)

### Appeal from Estill Circuit Court.

1. Work and Labor—Action Held One on Quantum Meruit.—A petition averring that defendant was indebted to plaintiff "for work and labor performed at defendant's special instance and request in the sum of $400.00, with interest from the 2nd day of July,

1921," held to state a cause of action on an implied promise to pay for extra work performed and to warrant recovery on a quantum meruit.

2.  Work and labor—Evidence Held to Show Performance of Extra Work by Building Contractor.—In action on an implied promise to pay for extra work performed in building a house, evidence held to show that plaintiff performed extra work for which he was entitled to compensation.

G. MURRAY SMITH for appellant.

RIDDELL & SHUMATE for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming on both appeals.

In 1921 W. M. Ballard entered into a contract with R. A. Stevens by which the latter agreed to do the woodwork for $1,250.00 on a building to be erected by Ballard at Ravenna, Kentucky. Before entering into the contract Stevens was furnished a rough sketch of the proposed building, with a statement showing the amount of lumber to be put into it. The building was completed and the $1,250.00 paid to Stevens, but he claims that in the course of its construction the plans were changed by which a second story was added, necessitating considerably more labor on his part than was contemplated in the original contract. He asserted a lien on the property for $400.00 for this extra work, and subsequently instituted this action to recover a judgment and foreclose his lien for that amount. Ballard denied that any extra work was done, and also made claim for damages for defective construction. On hearing the proof on these issues the chancellor rendered judgment in favor of Stevens for $100.00, which amount was adjudged a lien on the property, from which Ballard has appealed. Stevens has filed a cross appeal, contending that he is entitled to judgment for the full amount of his claim.

On the original appeal two contentions are made: First, it was error to render judgment for any amount on a *quantum meruit* because the petition declared on an express contract; and, second, there was no proof authorizing a recovery for extra work performed.

The weakness of the first of these contentions is that appellee did not sue on an express contract but on an implied promise to pay for extra work performed at appellant's instance and request. The petition avers that de-

fendant is indebted to plaintiff "for work and labor performed at defendant's special instance and request in the sum of $400.00, with interest from the second day of July, 1921." Nowhere is there an averment in the petition of an express contract to do the work. The answer does set up such a contract, asserting a claim for damages for its breach, but the judgment is based on the averments of the petition which authorized a recovery on the *quantum meruit.*

The second contention relates solely to the issue as to whether extra work was performed. The evidence for appellant shows it was originally contemplated that the building should consist of two stories and no changes were thereafter made in the plan for its construction. That plan, as we have said, consisted of a rough sketch, without definite figures as to dimensions. Appellee said that he was furnished with a bill of lumber to be used in completing the building at the time the contract was made. He also testified that the building was to be a story and a half high, and, after part of the work had been done, appellant concluded to make it two stories and purchased additional lumber, which the witness was required to use in order to carry out the plan as changed. If this testimony is true it is clear that appellee was required to do more work than it was originally expected that he would have to do. The trial court found there was a change in the plan, necessitating additional work on the part of appellee, which was performed at the instance and request of appellant. For that extra work appellee was given judgment for $100.00. In our opinion it is sustained by the evidence.

On the cross appeal it is argued that $100.00 was wholly inadequate for the extra work. The evidence on this point is also conflicting, but it seems to us to preponderate in favor of the chancellor's finding.

The judgment is affirmed on both appeals.